BRYAN, Judge,
concurring in the result.
In this case, the evidence indicates that Michael Hardy improperly filed a grievance against Tera McMillian. Contrary to the ALJ’s finding in her recommendation, which the Board adopted, Hardy’s improper filing of the grievance alone did not constitute substantial evidence supporting his dismissal. However, the ALJ also found that the totality of the evidence warranted Hardy’s dismissal. As the main opinion notes, Hardy’s filing of the grievance was only one of the reasons why DYS sought to discipline Hardy. The evidence demonstrates that Hardy engaged in other conduct — writing memos, attempting to schedule a face-to-face meeting with McMillian, attempting to have McMillian reassigned under his control — that demonstrated an attempt to disrupt the ongoing sexual-harassment investigation against him. Considering the totality of the evidence in this case, I conclude that substantial evidence supports the Board’s decision to uphold Hardy’s dismissal.
I write specially also to caution administrative agencies that an employee’s merely failing to follow a prescribed procedure may not be a sufficient ground on which to dismiss that employee. Administrative agencies, such as the Board, must necessarily make determinations on a case-by-case basis based on the facts and circumstances of each case. In this case, substantial evidence supports the Board’s conclusion that Hardy’s filing of the grievance resulted in violations of specific rules of the Board, ie., Rule 679-X-19-.01(2e), Ala. Admin. Code (State Pers. Bd.), which prohibits the use of abusive or threatening language, and Rule 679-X-19-.01(lg), Ala. Admin. Code (State Pers. Bd.), which prohibits the use of disruptive conduct. However, I do not believe substantial evidence supports the Board’s conclusion that Hardy violated “any other Department Rule” pursuant to Rule 670-X-19-.01(2j) (State Pers. Bd.). The Board did not specify which “other Department Rule” Hardy purportedly violated.